BURRILLVILLE LUMBER CO., INC. *vs.* ALVA RAWSON *et al.*

APRIL 27, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an action of assumpsit to recover for goods and chattels alleged to have been sold and delivered by the plaintiff to the defendants, Alva Rawson and her mother, Martha E. Comyn.

On appeal from a district court the case was tried in the superior court before a justice thereof, sitting without a

jury; and he rendered a decision for the plaintiff against both defendants in the sum of $621.10. The defendants filed an exception to this decision and later each of them filed a bill of exceptions in which this exception is the only one stated, the grounds thereof being that the decision was against the law and against the evidence and the weight thereof. The case is in this court on these bills of exceptions.

Before us the defendant Alva Rawson has not pressed the exception; but the defendant Martha Comyn, hereinafter referred to as "this defendant", has insisted upon the exception, and in support thereof relies upon the provision of the statute of frauds, G. L. 1938, c. 481, § 1, that no action shall be brought whereby to charge any person upon his special promise to answer for the debt of another, unless the promise or agreement upon which such action is brought or some note or memorandum thereof is in writing and signed by the party to be charged or by some other person by him thereunto duly authorized.

The evidence before the trial justice showed that the account was opened on September 24, 1937, by a small order given by Alva Rawson, amounting to $6.22, and that all the charges were entered in the account book of the plaintiff on a ledger card, which then and to the time of the trial bore the name of "Elvira Rawson" only. During the next month, only orders for small amounts were made and filled, the total sum due at the end of that month being $32.87.

From that time on, nearly all the orders made and filled were much larger, the amount due at the end of January 1938 being $500.18; and at the end of November 1938, when the last entry was made, the amount due was $631.74. No payment or credit was made at any time.

The president and manager of the plaintiff corporation testified that the charges were for materials for a house which Alva Rawson said that she was building and which was being built on a lot belonging to her mother. He testified also that she told him that she and her mother would

be responsible for the bill; that he "checkedup" on the mother's ownership of the lot; and that the mother on several occasions called him and wanted material and said that she and her daughter would be responsible. A few minutes later he testified with reference to the mother: "When the bill got up to three or four hundred I called on her personally and she said she was expecting work from the mill and when she got that work she would pay me." A little later he testified that she told him that the bill was her bill and that of her daughter.

No evidence was introduced by the defendants or either of them and it is contended in behalf of the mother that the evidence showed only a direct indebtedness of the daughter to the plaintiff; that the only evidence connecting the mother with the indebtedness was testimony that she had *orally* promised to be personally responsible for this indebtedness of her daughter; and that, by reason of the above-stated provision of the statute of frauds, she could not be held liable for such indebtedness. The trial justice, however, found from the evidence that the mother recognized the bill as her own and that credit was given to her; and he therefore rendered a decision against both of the defendants for the full amount claimed.

After considering the evidence and the law pertaining thereto we cannot find that he applied any wrong rule of law to the evidence or that his decision was clearly not supported by the evidence. The attorney for the defendants contends in his brief that the mother could not be held liable at all, unless it was proved "that this was *her bill and her bill alone.*" But we find no merit in that contention. The debt was described in the declaration as the debt of both of them. It could be the debt of both of them and the trial justice found on evidence that it was.

The defendants' exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff against both of the defendants in accordance with the decision.

*Coleman Zimmerman, Irving I. Zimmerman,* for plaintiff.
*Joseph E. Beagan,* for defendants.